IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Plum Markets, LLC, ) | |
|     Plaintiff, ) | |
| ) | No. 20 C 6759 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| Compass Group USA, Inc., ) | |
|     Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, Compass Group USA, Inc.'s motion to dismiss [9] is granted in part. The trade dress claim is dismissed without prejudice to repleading. Any amended complaint shall be filed within 14 days of the date of entry of this order. The rest of the motion to dismiss is denied.

### STATEMENT

Plum Market Food Service LLC ("Plum") is a specialty food company that operates 25 supermarkets around the country. Compass Group USA, Inc. ("Compass") is the food-service provider at Northwestern University. On or about August 29, 2018, Plum and Compass entered into a License Agreement (the "Agreement"), pursuant to which Compass sought to establish and operate a Plum Market Kitchen at Northwestern. Pursuant to the Agreement, Plum gave Compass access to its Licensed Materials, as that term is defined in the Agreement, which included, among other things, Plum's architectural designs, décor, furniture, furnishings, lists of required equipment, small wares, menu boards, vendor information, growers, recipes, and methods of operating.

The term of the Agreement ran simultaneously with the term of Compass's underlying food-service agreement with Northwestern, which, Plum was informed, was 10 years with the possibility of an extension. Compass was required to pay Plum a license fee in an amount equal to 5% of gross sales on a monthly basis for the term of the Agreement. Compass could terminate the Agreement without cause only if: (1) the Underlying Agreement between Compass and Northwestern expired or was terminated; or (2) "if requested by and pursuant to the directive of Northwestern." The restaurant opened on or about October 1, 2018 as Lisa's Café featuring Plum Market Kitchen. By email dated May 15, 2020, Compass allegedly breached the Agreement by terminating it without cause for neither of the permitted reasons. After terminating the Agreement, Compass "kicked Plum out" of its location on Northwestern's campus and opened its own food market in the space, naming the new restaurant "Lisa's Café Market." Plum alleges that Compass's new concept continues to use Plum's trade dress and Licensed Material, creating the false impression that the current food market remains affiliated with Plum.

Plum alleges three claims against Compass: (1) breach of contract; (2) trade dress infringement; and (3) unjust enrichment (in the alternative to the breach of contract count). Compass moves to dismiss all three counts.

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police Chi. Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. While factual allegations are entitled to the assumption of truth, legal conclusions are not. *Iqbal,* 556 U.S. at 678-79.

Compass first contends that Plum has failed to properly allege trade dress infringement. "The Lanham Act . . . provides a private right of action to product manufacturers who believe that others are copying the overall image of their products and sowing confusion in the marketplace." *Weber-Stephen Prods. LLC v. Sears Holding Corp.*, No. 13 C 1686, 2013 WL 5782433, at *2 (N.D. Ill. Oct. 25, 2013). "'Trade dress' refers to the total image of a product, including features such as 'size, shape, color or color combinations, texture, graphics, or even particular sales techniques.'" *Computer Care v. Serv. Sys. Enters., Inc*., 982 F.2d 1063, 1067 (7th Cir. 1992) (citation omitted). "To allege trade dress infringement under § 1125(a), a plaintiff must describe the asserted trade dress in some detail." *Weber-Stephen Prods.,* 2013 WL 5782433, at *4 (citation omitted).

The complaint alleges as follows:

> 13. The distinctive Plum design is intentionally minimal with industrial characteristics marked by concrete floors, ample use of warm wood tones, and clean stainless steel. The simple and sophisticated design unique to Plum Market inspires interaction with Plum's products through a thoughtful use of natural textures, measured lighting, and ambient flow.
>
> 14. Plum balances materials like raw cinderblock with delicate glass tiles, and cool marble and stone countertops with warm wooden soffits sourced from renewable bamboos and sturdy hardwoods.
>
> 15. Plum's meticulously designed interiors are fitted with carefully selected polished furnishings, European-style fixtures, and sleek industrial-style chairs complemented by natural, wood grain tables.
>
> 16. Plum's interiors are meticulously selected and designed to reflect the Plum culture and allow the integrity of Plum's products to shine.
>
> 17. The combination of the carefully selected materials, colors, and lighting makes Plum's look unique and recognizable.

2

(Compl., Dkt. # 5, ¶¶ 13-17.)

The Court agrees that Plum's description of its trade dress is insufficient. If one eliminates many of the adjectives (*e.g.*, warm, clean, sophisticated, thoughtful, measured, delicate, sturdy, meticulously designed, carefully selected, European-style, industrial-style, renewable), Plum's complaint describes a restaurant space with concrete floors, wood, stainless steel, marble and stone countertops, and glass tile with a minimalistic design aesthetic. Many cafes and restaurants share these qualities; they are hardly unique to Plum. *See Mighty Deer Lick, Inc. v. Morton Salt, Inc.*, 17-CV-05875, 2020 WL 635904, at *8 (N.D. Ill. Feb. 11, 2020) ("[The plaintiff's] products may well be 'uniquely designed,' but without more factual detail, neither the Court nor [the defendant] can identify the distinct features that would comprise a protectible trade dress."). Simply using conclusory words like "unique" and "recognizable" does not make it so. Compass notes that Plum did not attach photographs to its complaint nor in response to the motion to dismiss; Plum responds, correctly, that it need not include photographs to survive a motion to dismiss. But, as stated by another court, while "factual allegations by themselves [may not be] sufficient to survive the motion to dismiss, . . . the *combination* of the[] detailed descriptions and the photographs [may be] enough to put the defendant on notice." *Forest River, Inc. v. Winnebago Indus., Inc.*, No. 3:15-CV-609 RLM-MGG, 2017 WL 590245, at *3 (N.D. Ind. Feb. 14, 2017) (emphasis in original); *see also Mighty Deer Lick,* 2020 WL 635904, at *8 ("One manner of . . . [properly identifying trade dress] could be to allege some details regarding the protectible trade dress and attaching images of the products exhibiting the trade dress . . . .").

In addition to identifying its trade dress, a plaintiff must also allege infringement – "(1) its trade dress is 'inherently distinctive' or has acquired 'secondary meaning'; (2) the similarity of the defendant's trade dress to that of the plaintiff creates a 'likelihood of confusion' on the part of consumers; and (3) the plaintiff's trade dress is 'non-functional.'" *Chartwell Studio, Inc. v. Team Impressions, Inc.*, No. 19 C 6944, 2020 WL 4053752, at *5 (N.D. Ill. July 20, 2020). Compass contends that Plum has failed to plausibly plead that its trade dress is distinctive. For the same reasons discussed above, Plum's allegation that its "design, layout, and décor are inherently distinctive and unique to the Plum brand" is conclusory and too broad to properly plead that its trade dress is distinctive or has acquired secondary meaning.

Compass next contends that Plum's breach of contract and unjust enrichment claims are, in part, duplicative of the trade dress claim. At this point in the litigation, the Court disagrees. Plum alleges that Compass breached the Licensing Agreement by improperly terminating it and continuing to use Plum's Licensed Materials after termination. While the facts ultimately may demonstrate that the breach of contract claim based on Compass's continued use of Licensed Materials, and the unjust enrichment claim, based on the same allegation, are duplicative of the trade dress claim, the Court is unwilling to make that determination on the record before it now. Nor is the Court persuaded by Compass's contention that the complaint fails to state a claim for breach of contract. The elements of a breach of contract claim in Illinois are: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages. *Dual-Temp of Ill., Inc. v. Hench Control, Inc.*, 821 F.3d

3

866, 869 (7th Cir. 2016).  Plum's complaint alleges sufficient facts in support of these elements to state a claim.

Finally, Compass argues that the Court lacks subject-matter jurisdiction over the breach of contract claim because less than $75,000.00 is at issue.  While the Court is dismissing the federal trade dress claim, the dismissal is without prejudice to repleading.  If Plum successfully repleads the trade dress claim, then the breach of contract and unjust enrichment claims will likely be within the Court's supplemental jurisdiction.  The Court will address the amount-in-controversy issue, if necessary, after Plum files its amended complaint.


**Date**:  February 1, 2021

　　　　　　　　　　　　　　　　　　　　　　_____
**Ronald A. Guzmán**
**United States District Judge**